**FILED**

DEC - 8 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tommy Lee Stevens,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. **09 2328** |
| ) | |
| **Dep't of Health and Human Services et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed.

The plaintiff alleges that in November 1994 he was implanted with a microchip-like device, after which he "began hearing voices and having other problems with [his] body." Compl. at 1. He "[knows] that the people responsible for having [him] implanted [are] locked onto the chip and [are] transmitting to [him]," and know everything he is thinking. *Id.* at 1-2. The monitors control his body and also transmit signals to him that cause him great pain. *Id.* at 2. As a consequence of the implanted device, and because the federal defendant has not responded appropriately to a FOIA request on how such implanted devices work, *id.* at 3, the plaintiff has brought this "Federal False Claims Act," to obtain a fair and impartial Congressional investigation of the matter. Compl. at 1, 5.

A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Moreover, a complaint may be dismissed as frivolous when it



lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Accordingly, this complaint will be dismissed.

A separate appropriate order accompanies this memorandum opinion.

Date: 12/3/09

United States District Judge